GARWOOD, Circuit Judge,
dissenting:
I respectfully dissent. The record evidence does not clearly establish the distance, traffic and related conditions between where Pasco’s car was when Knoblauch received the order from his supervisor not to continue pursuit and the point at, which Pasco’s car went off the road. The reason for this lack of information is that Knoblauch on his deposition claimed to have not been present when Pasco’s vehicle went off the road and down the embankment, and claimed to have broken off pursuit when he was told to do so. Crucially, we certainly do not know if, as the majority assumes, Pasco did not slow down until “immediately before” he went down the embankment. Moreover, I note that there is evidence that Knoblauch told Pasco’s sister that he did not terminate pursuit as he had been instructed. Further, Knoblauch admitted that in his pursuit of Pas-co prior to being ordered to terminate (and doing so), no vehicles, bystanders or pedestrians were encountered. Nor did Knoblauch ever testify or state under oath that he struck Pasco’s vehicle to prevent it from endangering others (or for any other reason). I cannot conclude that there are no factual disputes material to the issue of qualified immunity. In this respect the case is quite unlike Scott v. Harris, 550 U.S. 372, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007).